# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
                                          :
**MARIE BAGLIONE,**                       :
                                          :    Civil Action No. 99-4069(KSH)
                                          :
      **Plaintiff,**     :
                                          :
  v.                              :ORDER ON INFORMAL APPLICATION &
                                          :SECOND AMENDED PRETRIAL
                                          :SCHEDULING ORDER
                                          :
**CLARA MAASS MEDICAL**                   :
**CENTER, INC.,**                         :
                                          :
      **Defendant**     :
_____:

**THIS MATTER** having come before the Court by way of letters dated May 31, 2007 and June 5, 2007, regarding the status of plaintiff's responses to discovery and plaintiff's request for an extension of the discovery deadlines; and the Court having conducted a telephone conference on June 5, 2007; and the Court being advised that the plaintiff has provided her attorney with her certification and that counsel will select a date for her deposition within the next two weeks; and the defendant indicating that it seeks time after the completion of the deposition to determine if any other depositions are needed; and the plaintiff's counsel agreeing to convey a settlement demand so that the defendant can advise if a settlement conference will be beneficial; and for the reasons discussed during the telephone conference; and for good cause shown,

**IT IS on this 5th day of June, 2007,**

**ORDERED THAT**:

    1. A. No later than **June 29, 2007**, plaintiff shall convey a settlement demand to the defendant;

        B. The request to extend the pretrial deadlines is granted as set forth herein;

**IT IS FURTHER ORDERED THAT:**

## I. COURT DATES

    2. Absent a request to convert same to a telephone conference, there will be a settlement conference before the Undersigned on **July 24, 2007 at 2:00 p.m.** Trial Counsel and clients with full settlement authority must attend the conference. If the trial counsel **and** client with full

settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **October 31, 2007 at 10:00 a.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II. DISCOVERY AND MOTION PRACTICE

4. Supplemental Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **June 6, 2007** to include any record that plaintiff provided social security or medical information to the defendant when she made the claim or submit a certification that she does not possess any such documents.

5. Discovery necessary to engage in meaningful settlement discussions: **none.**

6. The parties may serve written discovery regarding exhaustion, the disability plan terms and basis upon which plaintiff claims entitlement to benefits in the form of interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **deadline passed,** which shall be responded to no later than **deadline passed.**

7. The number of depositions on the topics described in paragraph 6 to be taken by each side shall not exceed **2**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions shall be completed no later than **July 30, 2007**.

8. Fact discovery is to remain open through **July 30, 2007.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9. Counsel shall confer in a good faith attempt to informally resolve any discovery disputes before seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance by a brief letter outlining the dispute. The Court will thereafter schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute. See L. Civ. R. 16.1(f)(1).

If the dispute involves an alleged deficiency in a response to a discovery request, then the parties shall submit a joint letter that sets forth: (a) the request, (b) the response;(c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **May 2, 2007** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

10. Any motion to amend pleadings or join parties must be filed by **none.**

11 All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference. Any and all dispositive cross-motions must be filed no later than **September 15, 2007** and must be comply with Local Rule 7.1. No pretrial dispositive motions will be entertained after that date. Any responses shall be submitted no later than **September 25, 2007** and any replies shall be submitted no later than **October 2, 2007**. The return date shall be **October 9, 2007** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a. Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation. A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b. Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c. In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply. Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u> The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d. Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted. The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

e. Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate. Parties shall provide the

Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### III.  EXPERTS

12. All affirmative expert reports shall be delivered by **none.**

13. All responding expert reports shall be delivered by **none**.

14. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

    b. All expert depositions shall be completed by **none**.

### IV.  FINAL PRETRIAL CONFERENCE

15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **October 31, 2007 at 10:00 a.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. <u>Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19. The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the undersigned no later than **October 23, 2007 at 4:00 p.m.**  All counsel are responsible for the timely submission of the Order.

20. The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

### V.  MISCELLANEOUS

21. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

23. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24. Communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing or by telephone conference.

25. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**

5